1  RAYMOND FELDMAN, California State Bar No. 117364
   LAW OFFICES OF RAYMOND FELDMAN
2  2530 Wilshire Boulevard, Second Floor
   Santa Monica, California 90403
3  Telephone: 310.447.3260
   Facsimile: 310.447.1376
4
   BRIAN PANISH, California State Bar No. 116060
5  KEVIN BOYLE, California State Bar No. 192718
   PANISH SHEA & BOYLE LLP
6  11111 Santa Monica Boulevard, Suite 700
   Los Angeles, California  90025
7  Telephone: 310.477.1700
   Facsimile: 310.477.1699
8
   Attorneys for Plaintiffs
9

10

11                 **UNITED STATES DISTRICT COURT**

12               **SOUTHERN DISTRICT OF CALIFORNIA**

13  DON YOON, an individual, and as          Case No.
    Successor in Interest of DECEDENTS
14  YOUNGMI LEE YOON, GRACE              **10 CV 1578 JM      AJB**
    YOON, and RACHEL YOON;
15  SANGHYUN LEE, an individual, and    **COMPLAINT**
    as Successor in Interest of DECEDENT 1.   **NEGLIGENCE**
16  SEOKIM KIM; YUMI LEE, an                  **(ADMIRALTY)**
    individual; BAEKGWAN LEE, an        2.   **NEGLIGENCE (FTCA)**
17  individual; JUN HWA LEE, an         3.   **STRICT PRODUCT**
    individual; and YANGRAE KOOK, an         **LIABILITY (IN LAW)**
18  individual;                         4.   **NEGLIGENCE PRODUCT**
                                             **LIABILITY (IN LAW)**
19          Plaintiffs,               5.   **BREACH OF IMPLIED AND**
            v.                               **EXPRESS WARRANTIES**
20                                           **(IN LAW)**
    UNITED STATES; THE BOEING
21  COMPANY, a corporation; and DOES
    1-50;
22
            Defendants.
23

24

25                   **<u>INTRODUCTION</u>**

26      1.     On December 8, 2008, four of Plaintiffs' loved ones -- a newborn, a

27  toddler, their mother and their grandmother -- were burned alive and perished in the

28  Yoon Family home in University City, San Diego, California when a disabled, out-

FILED

10 JUL 28  PM 3: 13

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                    DEPUTY

BY FAX

ORIGINAL

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax



1   of-control F/A-18D Hornet Marine Corps jet (Subject Aircraft), crashed into their

2   home and set it on fire, after the jet's student pilot had ejected on a flight path

3   known to the UNITED STATES to be a public safety hazard for approximately 30

4   years.

5        2.    The jet had a history of warnings and system failures known to the

6   Defendant UNITED STATES, and the jet's manufacturer, Defendant THE BOEING

7   COMPANY (hereinafter BOEING) (a legal successor to McDonnell Douglas), but it

8   was nonetheless cleared for takeoff from the Navy Carrier Abraham Lincoln

9   (Subject Vessel) for use by a sole Marine Corps student pilot, all in violation of

10  written policies, regulations and procedures.

11       3.    In the ensuing flight over the Pacific high seas and over U.S. territorial

12  water and land, the student pilot, along with his sea-based and land-based superiors,

13  encountered a series of similar warnings and system failures, all requiring

14  emergency action.

15       4.    Unfortunately, their attempts to address these avoidable emergencies

16  resulted in further acts and omissions done in violation of written military standards,

17  which if complied with would have avoided the tragic ending for Plaintiffs DON

18  (DONG YUN) YOON (hereinafter YOON); SANGHYUN (SANGHYEON) LEE

19  (hereinafter LEE); YUMI LEE; BAEKGWAN (BACKKWAN) LEE; and JUN

20  HWA LEE (the latter three Plaintiffs hereinafter "LEE CHILDREN"); YANGRAE

21  (DONGRAE) KOOK (hereinafter KOOK), and their loved ones, Decedents

22  YOUNGMI LEE YOON, GRACE YOON, RACHEL YOON and SEOKIM KIM.

23

24              **JURISDICTION AND VENUE**

25       5.    This Court's jurisdiction over claims against the UNITED STATES

26  arises under the Federal Question Statute, 28 U.S.C. Section 1331; Federal Tort

27  Claims Act (FTCA), 28 U.S.C. Sections 1346(b)(1), 2671-2680; Admiralty

28  Jurisdiction statute, 28 U.S.C. Section 1333; and General Maritime Law statute, 46

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

2

1  U.S.C. 30903(a), all construed and in conjunction with the Suits in Admiralty Act,
2  46 U.S.C. App. Sections 741-52, the Extension of Admiralty and Maritime
3  Jurisdiction Act, 46 U.S.C. Section 30101, the Death on the High Seas Act, 46
4  U.S.C. Section 761-68, the Jones Act, 46 U.S.C. App. Section 688,  the Public
5  Vessels Act, 46 U.S.C. App. Section 781, the Federal Employers Liability Act, 45
6  U.S.C. Sections 51-60, and the Outer Continental Shelf Liability Act (OCSLA), 43
7  U.S.C. App. 1331 et seq.

8      6.      Plaintiffs YOON, LEE and LEE CHILDREN individually filed
9  Administrative Claims for wrongful death and (as to Plaintiffs YOON and LEE)
10  property damage on May 15, 2009, as well as a clarification letter on March 19,
11  2010 with the Navy that their claims were made under admiralty as well as FTCA
12  jurisdiction.  The Navy denied their claims in a letter dated March 30, 2010.
13  Although Plaintiffs read this March 30, 2010 denial to include admiralty claims as
14  well as FTCA claims, it could not be determined if the Navy agreed.  So out of an
15  abundance of caution, the same Plaintiffs filed their second Administrative Claims
16  with the Navy on April 22, 2010 in admiralty.  The Navy denied Plaintiffs' Second
17  Administrative Claims (in admiralty) in a letter dated April 29, 2010, and clarified
18  in that denial that the March 30, 2010 denial had been a denial of their first claims in
19  admiralty, with the Navy contending that jurisdiction exists solely under the FTCA.

20      7.      On April 26, 2010, Plaintiff KOOK filed her Administrative Claims for
21  wrongful death under FTCA and admiralty jurisdiction with the Navy.  Plaintiff
22  KOOK's admiralty claim was denied in a letter dated June 7, 2010; her FTCA claim
23  was denied in a letter dated July 20, 2010.

24      8.      On May 6, 2010, Plaintiff YOON as Successor in Interest of Decedents
25  YOUNGMI LEE YOON, GRACE YOON, and RACHEL YOON, and Plaintiff
26  LEE as Successor in Interest of Decedent SEOKIM KIM, filed personal injury
27  claims under the FTCA and admiralty jurisdiction with the Navy.  Successors'
28  FTCA claims were denied in a letter dated May 27, 2010; their admiralty claims

3

1   were denied in a letter dated June 7, 2010.

2       9.      Plaintiffs' Administrative Claims have been perfected under FTCA and

3   admiralty jurisdiction, to the extent such perfection is required.

4       10.     Accordingly, Plaintiffs have standing to sue the UNITED STATES in

5   admiralty and in law (FTCA).

6       11.     This Court's jurisdiction over causes of action against Defendant

7   BOEING are proper under 28 U.S.C. Section 1367, as construed with the Savings to

8   Suitors Clause of the Admiralty jurisdiction statute, 28 U.S.C. Section 1333(1), the

9   former of which provides for supplemental jurisdiction for those claims reasonably

10  related to the same case and controversy as claims described in Paragraph Five

11  which establish original jurisdiction (as described in Paragraph Five); as well as

12  under 28 U.S.C. Section 1332, diversity jurisdiction, as the amount in controversy

13  here exceeds the sum or value of $75,000 and the action here is between citizens of

14  different states, per §1332(1), or alternatively between citizens of different states

15  and a citizen of a foreign state, per §1332(3).  Plaintiff YOON is a citizen of the

16  State of California; Plaintiffs LEE, LEE CHILDREN and KOOK are citizens of the

17  Republic of Korea (South Korea); and Defendant BOEING is incorporated in the

18  State of Delaware and has its principal place of business and is headquartered in the

19  State of Illinois.

20      12.     Venue is proper in this district pursuant to 28 U.S.C. Section 1402(b)

21  and 46 U.S.C. Section 30906 because it is the federal district in which at least one

22  plaintiff, Plaintiff YOON, resides, a substantial part of the property that is the

23  subject of this action is situated within this judicial district, and a substantial part of

24  the events or omissions giving rise to these claims.

25

26                          **PARTIES AND STANDING**

27      13.     Plaintiff YOON is a United States citizen, a citizen and resident of the

28  State of California, and is the husband of Decedent YOUNGMI LEE YOON, and

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

4

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1  the father of Decedents GRACE YOON and RACHEL YOON, and therefore he has

2  standing to assert his wrongful death claims pursuant to California Code of Civil

3  Procedure Section 377.60(a).  See true and correct copies of the Declarations of

4  YOON attached to this Complaint as Exhibits 1, 2 and 3.

5        14.    Plaintiff LEE is a citizen and resident of South Korea, and the husband

6  of Decedent SEOKIM KIM, and therefore he has standing to assert his wrongful

7  death claims pursuant to California Code of Civil Procedure Section 377.60(a).  See

8  true and correct copy of the Declaration of LEE attached to this Complaint as

9  Exhibit 4.

10        15.    Plaintiff LEE is a citizen and resident of South Korea, and the father of

11  Decedent YOUNGMI LEE YOON, and therefore he has standing to assert his

12  wrongful death claims pursuant to California Code of Civil Procedure Section

13  377.60(a).

14        16.    Plaintiffs LEE CHILDREN are citizens and residents of South Korea,

15  are the surviving children of Decedent SEOKIM KIM, and therefore they have

16  standing to assert their wrongful death claims pursuant to California Code of Civil

17  Procedure Section 377.60(a).

18        17.    Plaintiff KOOK is a citizen and resident of South Korea.  She is the

19  surviving mother of Decedent SEOKIM KIM, was dependent upon her daughter for

20  the necessaries of life, and therefore she has standing to assert her wrongful death

21  claim pursuant to California Code of Civil Procedure Section 377.60(b).

22        18.    Plaintiff YOON as Successor in Interest of Decedents YOUNGMI LEE

23  YOON, GRACE YOON, and RACHEL YOON, is a citizen and resident of the

24  United States, and has standing under California Code of Civil Procedure Sections

25  377.11 et seq. to assert the personal injury claims of his Decedents pursuant to his

26  attached declarations, Exhibits 1, 2, and 3.

27        19.    Plaintiff LEE as Successor in Interest of Decedent SEOKIM KIM is a

28  citizen and resident of South Korea, and has standing under California Code of Civil

Procedure Section 377.11 to assert a personal claim of his Decedent pursuant to his attached declaration, Exhibit 4.

20.    Plaintiffs are informed, believe, and thereupon allege, that Defendant UNITED STATES is the owner and operator of the Subject Aircraft and Subject Vessel, which were under the immediate jurisdiction of the United States Navy.

21.    Plaintiffs are informed, believe, and thereupon allege, that Defendant UNITED STATES is the employer of the student pilot of the Subject Aircraft, both of which were under the immediate jurisdiction of the United States Navy.

22.    Plaintiffs are informed, believe, and thereupon allege, that Defendant UNITED STATES is the employer of the ground crew, sea-support and land-support squadrons, maintenance crews, support staffs and superiors in control of the Subject Aircraft, which were under the immediate jurisdiction of the United States Navy.

23.    Plaintiffs are informed, believe, and thereupon allege, that Defendant UNITED STATES is the owner/operator of the Subject Vessel from which the Subject Aircraft departed.

24.    Plaintiffs are informed, believe, and thereupon allege, that Defendant UNITED STATES is the owner/operator of all the destinations to which the student pilot was en route, or came to be en route.

25.    Plaintiffs are informed, believe, and thereupon allege, that Defendant BOEING is, and at all times herein relevant was, the designer, assembler, manufacturer, inspector, tester, marketer and supplier of the Subject Aircraft and its component parts, including all operation manuals, maintenance manuals, and warnings.

26.    Plaintiffs are informed, believe, and thereupon allege, that Defendant BOEING, is, and at all times herein relevant was, a corporation authorized to do, has regularly done, and is continually and systematically doing business in the County of San Diego, State of California.

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

27.     Plaintiffs are informed, and believe, and thereupon allege, that Defendant BOEING, is, and at all times herein relevant was, a Delaware corporation whose principle place of business and headquarters are in the State of Illinois, United States.

28.     The true names and/or capacities, whether individual, corporate, associate or otherwise of defendants DOES 1 - 50 are unknown to Plaintiffs at this time, who therefore sue said defendants by such fictitious names.  Plaintiffs are informed that each of the defendants fictitiously named herein as a DOE is legally responsible, in negligence or in some other actionable manner, for the events and happenings referred to herein, and thereby proximately caused the injuries and damages to Decedents and Plaintiffs as alleged herein.  Plaintiffs will ask leave of court to amend this Complaint to insert the true names and/or capacities of such fictitiously named defendants when the same have been ascertained.

## ALLEGATIONS

29.     Plaintiffs are informed, believe, and thereupon allege that at all times relevant to this action, employees for the Defendant UNITED STATES were acting in the course and scope of their employment and at the direction of their employer, Defendant UNITED STATES, acting under the immediate jurisdiction of the United States Navy, thereby making the Defendant UNITED STATES liable for their acts and omissions.

30.     Plaintiffs are informed, believe, and thereupon allege that at all times relevant to this action, the F/A-18D Hornet (Subject Aircraft) was owned and operated by Defendant UNITED STATES, employed under the immediate jurisdiction of the United States Navy.

31.     Plaintiffs are informed, believe, and thereupon allege that at all times relevant to this action, Defendant UNITED STATES had developed a series of mandatory maintenance and safety policies and procedures, and had implemented

7

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1  those policies and procedures in order to monitor and maintain the safety of its

2  military aircraft, including the Subject Aircraft.  These mandatory policies and

3  procedures included prescribed steps for addressing any mechanical and/or safety

4  issues identified by the maintenance procedures.

5       32.   Plaintiffs are informed, believe, and thereupon allege that prior to and

6  during the Subject Incident, defects in the Subject Aircraft and its component parts,

7  including but not limited to the engines, fuel systems, oil systems, and warning/alert

8  systems had repeatedly created system failure problems on the Subject Aircraft that

9  were known and recorded by Defendant UNITED STATES and its employees.

10 Rather than following the mandated and required maintenance and safety policies,

11 regulations and procedures, the required policies, regulations and procedures were

12 recklessly ignored or abandoned.  As a result, the defective Subject Aircraft was

13 negligently and recklessly cleared for use by employees of Defendant UNITED

14 STATES and allowed to be flown for training purposes by the student pilot who was

15 still undergoing training as part of the course and scope of his employment for

16 Defendant UNITED STATES, all within the immediate jurisdiction of the United

17 States Navy.

18      33.   Plaintiffs are informed, believe, and thereupon allege that on December

19 8, 2008, the USS Abraham Lincoln (Subject Vessel), also owned and operated by

20 Defendant UNITED STATES, while on navigable waters on the high seas, launched

21 the Subject Aircraft for the purposes of further training of the student pilot, all

22 employed under the immediate jurisdiction of the United States Navy.  The Subject

23 Aircraft overflew Pacific Ocean high seas off the coast of western Mexico and

24 California, overflew U.S. territorial waters, and overflew U.S. territory (California).

25 The student pilot was conducting his flight training exercises when, predictably, he

26 encountered the mechanical problems that had previously been reported and

27 ignored, and so he, along with his ground-based flight crews and land-based and

28 sea-based squadrons attempted to address the emergency situation.  In so doing, the

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

student pilot and his flight squadrons negligently and recklessly abandoned and ignored the required and mandated policies, regulations and procedures developed and prescribed by Defendant UNITED STATES for these emergencies.  These negligent acts and omissions, characterized by the Marine Corps itself as "bad decision making" based upon "incorrect assumptions," ultimately resulted in the pilot ejecting from and abandoning the defective aircraft over a heavily populated residential neighborhood, known to be in a high-risk flight path from a published study published known to the UNITED STATES approximately 30 years before.  Tragically, the unpiloted and out-of-control Subject Aircraft then crashed into the Yoon Family home at 4416 Cather Avenue, San Diego, California, 92122.  Upon crashing, the Subject Aircraft, heavily loaded with highly flammable fuel, burst into flames, killing Plaintiff's four loved ones inside their home after burning them alive, and destroying their home and belongings.

34.     Plaintiffs are informed, believe, and thereupon allege that the crash and fire caused personal injuries and property damage to the decedent for a discernible period before death, and the ultimate death of Plaintiff YOON's wife, Decedent YOUNGMI LEE YOON, age 36, daughter of Plaintiff LEE, granddaughter of Plaintiff KOOK, and sibling of Plaintiffs LEE CHILDREN.  See true and correct copy of Certificate of Death attached to this Complaint as Exhibit 5.

35.     Plaintiffs are informed, believe, and thereupon allege that the crash and fire also caused personal injuries and property damage  to the decedents for a discernible period before death, and the ultimate deaths of Plaintiff YOON's daughters, Decedents GRACE YOON, 15 months old, and RACHEL YOON, almost 2 months old, grandchildren of Plaintiff LEE, nieces of Plaintiffs LEE CHILDREN and great-grandchildren of Plaintiff KOOK.  See true and correct copies of Certificates of Death attached to this Complaint as Exhibits 6 and 7.

36.     Plaintiffs are informed, believe, and thereupon allege that the crash and fire also caused personal injuries and the death of Decedent SEOKIM KIM, age 59,

1  wife of Plaintiff LEE, mother of Plaintiffs LEE CHILDREN, mother-in-law of

2  Plaintiff YOON and daughter of Plaintiff KOOK.  See true and correct copy of

3  Certificate of Death attached as Exhibit 8.

4      37.     Plaintiffs are informed, believe, and thereupon allege that the crash and

5  fire also destroyed Plaintiff YOON's family home, destroying personal property

6  belonging to Plaintiff Yoon and Plaintiff Yoon's wife, DECEDENT YOUNGMI

7  LEE YOON.

8      38.     Plaintiffs are informed, believe, and thereupon allege that the crash and

9  fire also destroyed personal property belonging to Decedent SEOKIM KIM and

10  Plaintiff LEE.

11     39.     Plaintiffs are informed and believe, and thereupon allege, that

12  employees of Defendant UNITED STATES were grossly negligent in their acts,

13  omissions and conduct prior to and during the Subject Incident, including but not

14  limited to deferring required, mandated, and prescribed maintenance of the Subject

15  Aircraft for issues that Defendant knew or should have known were problematic and

16  inherently dangerous.  Specifically, employees of Defendant UNITED STATES,

17  acting within the immediate jurisdiction of the United States Navy, knew or should

18  have known of the existing maintenance problems of the SUBJECT AIRCRAFT,

19  and knowingly flew the SUBJECT AIRCRAFT at least one hundred forty-six times

20  (146) without addressing the existing problems or remedying the danger until the

21  SUBJECT AIRCRAFT ultimately crashed, burned Plaintiffs' Decedents alive,

22  eventually killing them and destroying their home and personal property.

23     40.     Plaintiffs are informed and believe, and thereupon allege, that the

24  negligent acts, omissions and conduct of the Defendant UNITED STATES and its

25  employees include, but are not limited to, their negligent failure to comply with

26  mandated and required regulations, policies and procedures that required record-

27  keeping of aircraft flight hours, engine hours of use, dates of use, and engine service

28  records, the failure to so comply being a contributing, direct, proximate and

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

10

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1  producing cause of the crash of the Subject Aircraft that resulted in the injuries,

2  deaths and property damage.

3      41.    Plaintiffs are informed, believe, and thereupon allege that these

4  negligent and reckless acts or omissions also include the abandonment of Defendant

5  UNITED STATES' fixed policy and procedure of requiring that aircraft with known

6  malfunctioning and defective parts such as the Subject Aircraft first be tested and

7  flown by trained and certified flight instructors/employees of Defendant UNITED

8  STATES before being returned to service for use by pilots-in-training, such as the

9  student pilot in this incident.

10      42.    Plaintiffs are informed, believe, and thereupon allege that these

11  negligent and reckless acts or omissions also include the abandonment of fixed

12  policies, procedures and checklists developed, prescribed, trained for and mandated

13  by Defendant UNITED STATES for exactly the emergencies that the Subject Pilot

14  and his squadrons and sea and ground crews encountered and created in the Subject

15  Incident.

16      43.    Plaintiffs are informed, believe, and thereupon allege that these grossly

17  negligent acts/omissions created dangerous conditions that were both foreseeable

18  and unreasonable.  Defendant UNITED STATES has, by its own admission,

19  described this gross negligence as "bad decision making" based upon "incorrect

20  assumptions."  Four employees of Defendant UNITED STATES have been relieved

21  of their duties, and nine others have received severe disciplinary action for their

22  gross negligence connected to this incident.

23      44.    Plaintiffs are informed, believe, and thereupon allege that the crash,

24  fire, and resulting personal injuries, deaths and property damage, is also attributable

25  to the negligent and defective manufacture and design of the Subject Aircraft and its

26  component parts by Defendant BOEING.

27      45.    Plaintiffs are informed, believe, and thereupon allege, that the Subject

28  Aircraft and its component parts were designed, assembled, manufactured,

1  inspected, tested, marketed, and introduced into the stream of commerce by

2  Defendant BOEING.

3       46.    Plaintiffs are informed, believe, and thereupon allege, that the Subject

4  Aircraft and its component parts were introduced into the stream of commerce in a

5  defective condition by Defendant BOEING.  Such defects caused and/or contributed

6  to the crash of the Aircraft and the resulting fire, personal injuries, deaths and

7  property damage.

8       47.    Plaintiffs are informed, believe, and thereupon allege, that the defective

9  Subject Aircraft and its component parts were a contributing, direct, proximate and

10  producing cause of the crash of the Subject Aircraft that resulted in the resulting

11  fire, personal injuries, deaths and property damage.

12

13  **DAMAGES**

14       48.    Plaintiffs are informed, believe, and thereupon allege that at the time of

15  their tragic and untimely deaths, YOUNGMI LEE YOON, GRACE YOON,

16  RACHEL YOON, and SEOKIM KIM were in good health and comprised the

17  majority of two loving, caring and stable families.  As a result of their tragic deaths,

18  Plaintiffs have suffered grief, mental anguish, and have been deprived of Decedents'

19  love, affection, solace, companionship, society, protection, moral guidance and

20  support, services, care, counsel and training, advice, as well as monetary

21  contributions and other financial support, including loss of income to the heirs.

22       49.    Plaintiffs are informed, believe, and thereupon allege that as a direct

23  result of both the crash of the enormous aircraft and the intense heat and flames that

24  engulfed the house, Decedents YOUNGMI LEE YOON, GRACE YOON,

25  RACHEL YOON, and SEOKIM KIM, suffered pre-death injuries to their person

26  and property, including pre-death pain, suffering, anxiety, and emotional distress for

27  a discernible period before their ultimate deaths.

28       50.    By reason of all of the foregoing, Plaintiffs have sustained and are

PANISH SHEA & BOYLE LLP

11111 Santa Monica Boulevard, Suite 700

Los Angeles, California 90025

310.477.1700 phone • 310.477.1699 fax

1   entitled to compensatory damages together with any attorney's fees and

2   prejudgment interest and fees that Defendant UNITED STATES may waive and/or

3   this Court deem proper.

4        51.    Plaintiffs have also sustained and are entitled to compensatory damages

5   against Defendant BOEING in a sum in excess of the jurisdictional minimum of this

6   Court, together with such exemplary damages, as well as such other damages, costs

7   and fees as this Court may deem proper.

8

9                          **FIRST CAUSE OF ACTION**

10                          **NEGLIGENCE (ADMIRALTY)**

11       52.    Plaintiffs' First Cause of Action is an action in negligence (admiralty),

12   and is brought against the Defendant UNITED STATES in personam, pursuant to

13   jurisdiction provided by Admiralty Jurisdiction statue, 28 U.S.C. Section 1333,

14   construed in conjunction with: the Suits in Admiralty Act, 46 U.S.C. App. Sections

15   741-52, the Extension of Admiralty and Maritime Jurisdiction Act, 46 U.S.C.

16   Section 30101, the Death on the High Seas Act, 46 U.S.C. Section 761-68, the Jones

17   Act, 46 U.S.C. App. Section 688,  the Public Vessels Act, 46 U.S.C. App Section

18   781, the Federal Employers Liability Act, 45 U.S.C. Sections 51-60, and the Outer

19   Continental Shelf Liability Act (OCSLA), 43 U.S.C. App. 1331 et seq.

20       53.    Plaintiffs First Cause of Action for Negligence (Admiralty) is brought

21   by ALL PLAINTIFFS.

22       54.    Plaintiffs repeat and reallege each and every allegation and statement

23   contained in the previous paragraphs.

24       55.    Plaintiffs are informed, believe, and thereupon allege that Defendant

25   owed a duty of care to Decedents and their families, including Plaintiffs.  Defendant

26   breached that duty of care by negligently employing the defective Subject Aircraft

27   and its component parts, and operating the defective Subject Aircraft in a grossly

28   negligent manner which caused the Subject Incident.

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

56.     Plaintiffs are informed, believe, and thereupon allege that Defendant violated mandatory policies and procedures.

57.     Plaintiffs are informed, believe, and thereupon allege that Defendant's negligent and reckless conduct contributorily, directly and proximately caused the crash at issue and the injuries, death, and property damage to Decedents and the resulting damages to Plaintiffs.

## SECOND CAUSE OF ACTION
## NEGLIGENCE (FTCA)

58.     Plaintiffs' Second Cause of Action is for negligence, and is brought against the Defendant UNITED STATES as an action in law pursuant to jurisdiction provided by the Federal Tort Claims Act (FTCA).

59.     Plaintiffs Second Cause of Action for Negligence (FTCA) is brought by ALL PLAINTIFFS.

60.     Plaintiffs repeat and reallege each and every allegation and statement contained in the previous paragraphs.

61.     Plaintiffs repeat and reallege that the Subject Aircraft, the Subject Vessel, and all employees engaging in this actionable conduct or failure to act were property or employees of Defendant UNITED STATES, existing or acting under the immediate jurisdiction of the United States Navy.

62.     Plaintiffs are informed, believe, and thereupon allege that Defendant owed a duty of care to Decedents and their families, including Plaintiffs.  Defendant breached that duty of care by negligently employing the defective Subject Aircraft and its component parts, under the immediate jurisdiction of the United States Navy, and operating the defective Subject Aircraft in a grossly negligent manner which caused the Subject Incident.

63.     Plaintiffs are informed, believe, and thereupon allege that Defendant violated mandatory policies and procedures that were not within its discretion to

14

violate.

64.     Plaintiffs are informed, believe, and thereupon allege that Defendant's negligent and reckless conduct contributorily, directly and proximately caused the crash at issue and the injuries and death to Decedents and the resulting damages to Plaintiffs.

## THIRD CAUSE OF ACTION
### STRICT PRODUCT LIABILITY (IN LAW)

65.     Plaintiffs' Third Cause of Action for Strict Liablity is brought under state law against Defendant BOEING by ALL PLAINTIFFS.

66.     Plaintiffs repeat, reallege and incorporate each and every statement and allegation in the preceding paragraphs.

67.     Plaintiffs are informed, believe, and thereupon allege, that the Subject Aircraft and its component parts were defective and unreasonably dangerous by reason of defective manufacture by McDonnell Douglas Corporation, an entity acquired by Defendant BOEING prior to the Subject Incident and for all time relevant to the events alleged in this complaint, and failure of the Defendant BOEING to give adequate and proper warnings of the dangers existing therein, and adequate instructions regarding the avoidance of such dangers in the use, storage and maintenance of the Subject Aircraft and its component parts.

68.     Plaintiffs are informed, believe, and thereupon allege, that the defective and unreasonably dangerous conditions in the Subject Aircraft and its component parts exposed Decedents and the general public to unreasonable risks of harm and were a contributing, direct, proximate and producing cause of the deaths and property damage.

69.     Plaintiffs are informed, believe, and thereupon allege, that Defendants are in the business of designing, manufacturing, selling, marketing and/or distributing the Subject Aircraft and its component parts, which are distributed and

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1  sold throughout the United States, as well as the state of California, and as such are

2  liable to the Plaintiffs for damages under the theory of strict products liability.

3      70.    Plaintiffs are informed, believe, and thereupon allege, that at the time

4  the Subject Aircraft and its component parts were sold, converted, marketed and/or

5  placed into the stream of commerce by the Defendant BOEING, such products were

6  defective and unreasonably dangerous as that term is defined in law to persons who

7  could reasonably be expected to use them, that such defects and unreasonably

8  dangerous conditions were known by Defendant BOEING at the time the Subject

9  Aircraft and its component parts were sold, converted, marketed and/or placed into

10  the stream of commerce, and these defective and unreasonably dangerous conditions

11  were a contributing, proximate and producing cause of the resulting deaths and

12  property damage.

13      71.    Plaintiffs are informed, believe, and thereupon allege that the Subject

14  Aircraft and its component parts were also defective by reason of Defendant

15  BOEING's failure to include or place with it adequate and proper warnings and

16  instructions as to dangers associated with the design and foreseeable use of the

17  Subject Aircraft, and how to avoid such dangers, and further, failed to recall the

18  products to prevent incidents such as the one included herein.  Such defects rendered

19  the subject aircraft and its component parts unreasonably dangerous and were a

20  contributing, proximate and producing cause of the deaths and property damage.

21      72.    Plaintiffs are informed, believe, and thereupon allege that Defendant

22  BOEING is the manufacturer, designer, and/or distributor of the Subject Aircraft

23  and its component parts, who holds and have held themselves out to the public as

24  having superior knowledge, skill and experience in the design, construction,

25  assembly, manufacture, testing, and inspection of such aircraft and its component

26  parts; and, in the course of business as aerospace manufacturers, Defendant

27  BOEING designed, constructed, assembled, manufactured, inspected, serviced,

28  converted, tested the Subject Aircraft and its component parts; Defendant BOEING

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1  expressly and impliedly warranted the component parts were fit for their intended

2  use, being airworthy and free of unreasonably dangerous defects; and Defendant

3  marketed, sold, distributed and caused the Subject Aircraft and its component parts

4  to be introduced into the stream of commerce.

5    73.    Plaintiffs are informed, believe, and thereupon allege, that the crash of

6  the Subject Aircraft and the resulting injuries, deaths and property damage, were

7  proximately caused and/or substantially contributed to by latent and unreasonably

8  dangerous defects in the manufacture of said aircraft and its component parts, and

9  Defendant BOEING's failure to warn and/or provide adequate instructions for the

10  use, maintenance, and storage of the Subject Aircraft and its component parts.

11    74.    Plaintiffs are informed, believe, and thereupon allege, that at the time

12  the Subject Aircraft and its component parts were sold, converted, marketed and/or

13  placed into the stream of commerce by Defendants, such products were defective

14  and unreasonably dangerous as that term is defined in law to persons who could

15  reasonably be expected to use them, and these defective and unreasonably

16  dangerous conditions were a producing cause of Plaintiffs' damages.  The Subject

17  Aircraft and its component parts were also defective by reason of Defendants'

18  failure to include or place with it adequate and proper warnings and instructions as

19  to dangers associated with the design and foreseeable use of the Subject Aircraft and

20  how to avoid such dangers, and these defects rendered the Subject Aircraft

21  unreasonably dangerous.

22    75.    Plaintiffs are informed, believe, and thereupon allege, by reason of the

23  foregoing, that Defendant BOEING is strictly liable in tort to Plaintiffs for the

24  injuries, deaths and property damage sustained as a result of the crash of the Subject

25  Aircraft.

26    76.    Plaintiffs are informed, believe, and thereupon allege, that the conduct

27  of Defendant BOEING as alleged herein, was reckless, willful, oppressive,

28  malicious and done with reckless and wanton disregard for the rights and safety of

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

17

1  the Decedents and Plaintiffs with knowledge of the defects at issue, and in conscious

2  disregard of the safety hazards raised by those defects.

3  ## FOURTH CAUSE OF ACTION

4  ### NEGLIGENCE PRODUCT LIABILITY (IN LAW)

5       77.     Plaintiffs' Fourth Cause of Action for Negligence Product Liability is

6  brought under state law against defendant BOEING by ALL PLAINTIFFS.

7       78.     Plaintiffs repeat, reallege and incorporate each and every statement and

8  allegation in the preceding paragraphs.

9       79.     Plaintiffs are informed, believe, and thereupon allege, that the

10  Defendant BOEING designed, tested, developed, manufactured, fabricated,

11  assembled, distributed, bought, sold, inspected, serviced, warranted, supplied, and/or

12  modified the Subject Aircraft and its component parts.

13       80.     Plaintiffs are informed, believe, and thereupon allege, that at all times

14  mentioned herein, the Subject Aircraft and its component parts were defective when

15  placed into the stream of commerce by Defendants, and was of such a nature that the

16  defects would not be discovered in normal inspection and operation by users

17  thereof.

18       81.     Plaintiffs are informed, believe, and thereupon allege, that on or about

19  December 8, 2008, the Subject Aircraft and its component parts, were being

20  operated and used in a reasonably foreseeable manner.

21       82.     Plaintiffs are informed, believe, and thereupon allege, that the

22  Defendants, as manufacturers, distributors, suppliers, and sellers of the Subject

23  Aircraft and its component parts, owed a duty of care to Plaintiffs that the Subject

24  Aircraft and its component parts would not be placed into the stream of commerce

25  in a defective condition.

26       83.     Plaintiffs are informed, believe, and thereupon allege, that the

27  Defendant BOEING was negligent in the manufacture and marketing and design of

28  the Subject Aircraft and its component parts, such that, Defendant BOEING knew or

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1 should have known in the exercise of ordinary care, that the Subject Aircraft and its

2 component parts were defective and unreasonably dangerous to those persons likely

3 to use such products for the purpose and manner for which they were intended to be

4 used, and for purposes reasonably foreseeable to Defendant.  Defendant BOEING

5 was negligent in the particulars set forth in this and the proceeding paragraphs, and

6 said negligence was a contributing, direct, proximate and producing cause of the

7 subject crash, which is the basis of this action, and the resulting deaths and property

8 damage.

9     84.    Plaintiffs are informed, believe, and thereupon allege, that Defendant

10 BOEING knew, or in the exercise of ordinary care should have known, of the means

11 of manufacturing the Subject Aircraft and its component parts, such that the type of

12 incident and resulting injuries as described herein would be prevented.  The

13 Defendant had actual knowledge that manufacturing such an aircraft and its

14 component parts in a defective condition, as alleged herein, would be unreasonably

15 dangerous and would cause incidents such as the crash alleged herein.

16     85.    Plaintiffs are informed, believe, and thereupon allege, that the

17 Defendant was additionally negligent in that they failed to provide proper warnings

18 or instructions to ordinary users thereof, including Plaintiffs and Co-Defendant

19 UNITED STATES, and failed to recall or timely recall the products or make

20 appropriate post-marketing efforts to prevent incidents such as the one included

21 herein.

22     86.    Plaintiffs are informed, believe, and thereupon allege, that Defendant

23 was negligent in their failure to give adequate or proper warnings or instructions to

24 the users thereof, including Plaintiffs and Co-Defendant UNITED STATES, for the

25 reasonable and foreseeable use and storage and maintenance of the Subject Aircraft

26 and its component parts, and failed to make appropriate efforts to prevent incidents

27 such as the one included herein, and that Defendant knew or reasonably should have

28 known that users thereof, including Co-Defendant UNITED STATES, would not

19

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1  realize such dangers to which Defendant BOEING had failed to warn users thereof.

2       87.    Plaintiffs are informed, believe, and thereupon allege, that reasonable

3  manufacturers, distributors and sellers of the Subject Aircraft and its component

4  parts under the same or similar circumstances would have provided such warnings

5  and instructions for the use and storage of the Subject Aircraft and its component

6  parts.

7       88.    Plaintiffs are informed, believe, and thereupon allege that Defendant

8  BOEING violated their duty and were negligent in those acts previously described,

9  and further described herein.  Defendant BOEING's negligent acts or omissions,

10  collectively and/or severally, were a contributing, direct and proximate cause or

11  causes of the incident, which is the basis for this action.

12       89.    Plaintiffs are informed, believe, and thereupon allege that the defective

13  condition of the Subject Aircraft and its component parts, and the resulting crash of

14  the Subject Aircraft, was caused by the negligence, recklessness, wrongdoing,

15  tortious conduct, careless acts and omissions of the Defendant BOEING in the

16  manufacture, assembly, construction, testing and marketing of the Subject Aircraft

17  and its component parts, and in said Defendant's failure to warn of and to take

18  appropriate remedial action with respect to the known dangerously defective

19  conditions, and failure to provide proper instructions for the use and storage of the

20  Subject Aircraft and its component parts.

21       90.    Plaintiffs are informed, believe, and thereupon allege that as a further

22  contributing, direct and proximate result of the acts of the Defendant BOEING in

23  defectively manufacturing said products and failing to provide adequate warnings

24  and instructions, the deaths and damages to property were caused for which

25  Defendants are liable.

26       91.    Plaintiffs are informed, believe, and thereupon allege that the conduct

27  of Defendant BOEING as described herein, was willful, oppressive, malicious and

28  done with reckless and wanton disregard for the rights and safety of decedents.

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

## FIFTH CAUSE OF ACTION

### BREACH OF IMPLIED AND EXPRESS WARRANTIES (IN LAW)

92.  Plaintiffs' Fifth Cause of Action for Breach of Implied and Express Warranties is brought under state law against defendant BOEING by ALL PLAINTIFFS.

93.  Plaintiffs repeat, reallege and incorporate each and every statement and allegation in the preceding paragraphs.

94.  Plaintiffs are informed, believe, and thereupon allege that Defendant BOEING, by and through the sale and distribution of the products in question, expressly and impliedly warranted to the public generally, and to Co-Defendant UNITED STATES specifically and to Plaintiffs, that the products in question were fit for the purposes for which they were intended.

95.  Plaintiffs are informed, believe, and thereupon allege that at the time such products were marketed, sold and distributed, Defendant BOEING was in the business of selling such products, and holds and have held themselves out to the public as having superior knowledge, skill and experience in the design, construction, assembly, manufacture, testing, and inspection of such aircraft and its component parts, and in the course of business as aerospace manufacturers. Defendant BOEING designed, constructed, assembled, manufactured, inspected, serviced, converted, and tested the Subject Aircraft and its component parts, and Defendant expressly and impliedly warranted the Subject Aircraft and its component parts were fit for intended use, being airworthy and free of unreasonably dangerous defects.

96.  Plaintiffs are informed, believe, and thereupon allege that prior to the negligent actions/omissions of Co-Defendant UNITED STATES during the Subject Incident, Co-Defendant UNITED STATES made reasonable and foreseeable use of the products as alleged herein, and relied on the express and implied warranties

1  made by Defendants.

2      97.    Plaintiffs are informed, believe, and thereupon allege that contrary

3  thereto, the products in question, the Subject Aircraft and its component parts, were

4  not fit for their intended and foreseeable uses, thereby rendering the products in

5  question unreasonably dangerous.

6      98.    Plaintiffs are informed, believe, and thereupon allege that Defendant

7  BOEING breached the express and implied warranties because of the products'

8  failure and defective components as alleged above, and because of improper

9  marketing involved in Defendant BOEING's failure to warn of the products'

10 inadequacies and/or defects and failure to instruct in the safe use, operation,

11 maintenance and storage of such products.

12     99.    Plaintiffs are informed, believe, and thereupon allege that Defendant

13 BOEING's breach of warranties and the above-mentioned defects rendered the

14 products unreasonably dangerous, and were a contributing, direct, proximate and

15 producing cause of the subject crash and the resulting injuries, deaths and property

16 damage.  Further, Defendants' conduct was undertaken knowingly and intentionally.

17     100.   Plaintiffs are informed, believe, and thereupon allege that the crash of

18 the Subject Aircraft, and the resulting deaths and property damage, were

19 proximately caused and/or substantially contributed to by Defendant BOEING's

20 breach of express and implied warranties of the Subject Aircraft and its component

21 parts' fitness for use, and Defendant BOEING's breach of its representation that the

22 Subject Aircraft and its component parts were free of latent and unreasonably

23 dangerous defects in its design, manufacture, marketing, and distribution.

24     101.   Plaintiffs are informed, believe, and thereupon allege that as a member

25 of the general public, Plaintiffs relied to their detriment upon Defendant BOEING's

26 representations.

27     102.   Plaintiffs are informed, believe and thereupon allege by reason of the

28 foregoing, Defendant BOEING is liable to Plaintiffs in Breach of Warranty for their

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

22

1  part in the injuries, deaths and property damages that are the subject of this action.

2      103.   Plaintiffs are informed, believe, and thereupon allege that the conduct

3  of Defendant BOEING as alleged herein, was willful, oppressive, malicious and

4  done with reckless and wanton disregard for the rights and safety of the Plaintiffs'

5  Decedents.

6

7                          **PRAYER FOR RELIEF**

8

9      104.   WHEREFORE, ALL PLAINTIFFS, including Plaintiffs DON YOON

10  individually and as Successor in Interest of Decedents YOUNGMI LEE YOON,

11  GRACE YOON, and RACHEL YOON, Plaintiff LEE individually and as Successor

12  in Interest of Decedent SEOKIM KIM, SANGHYUN LEE, YUMI LEE,

13  BAEKGWAN LEE, JUN HWA LEE and YANGRAE KOOK pray judgment

14  against Defendants as follows:

15      105.   For all available general damages (non-economic damages);

16      106.   For all available special damages (economic damages);

17      107.   For all available damages at law;

18      108.   For all available Admiralty/Maritime damages;

19      109.   For prejudgment interest, fees, and costs of suit incurred herein, if

20  available;

21      110.   For attorneys' fees, if available;

22      111.   For such other and further relief as the Court may deem just and proper.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.


Respectfully submitted,

DATED: July 28, 2010




By: _Raymond Feldman_____

LAW OFFICES OF RAYMOND FELDMAN
Raymond Feldman

PANISH SHEA & BOYLE, LLP
Brian J. Panish
Kevin R. Boyle

*Attorneys for Plaintiffs*

# Exhibit 1

Declaration of Don Yoon

1. My name is Don (Dong Yun) Yoon.

2. The Decedent, Youngmi Lee Yoon, my wife, died on 12-8-08 in San Diego, CA.

3. No proceeding is now pending in California for administration of her estate.

4. The Declarant is the Decedent's successor in interest (as defined in CCP section 377.11) and succeeds to the Decedent's interest in the action or proceeding.

5. No other person has a superior right to commence the action or proceeding.

6. The Declarant declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at:  Chula Vista, CA

Dated:  04/29/10

_____
Declarant Don Yoon

# Exhibit 2

## Declaration of Don Yoon

1. My name is Don (Dong Yun) Yoon.

2. The Decedent, Rachel Yoon, my daughter, died on 12-8-08 in San Diego, CA.

3. No proceeding is now pending in California for administration of her estate.

4. The Declarant is the Decedent's successor in interest (as defined in CCP section 377.11) and succeeds to the Decedent's interest in the action or proceeding.

5. No other person has a superior right to commence the action or proceeding.

6. The Declarant declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at:  Chula Vista, CA

Dated:  _04/29/10_

_____
Declarant Don Yoon

Exhibit 3

## Declaration of Don Yoon

1. My name is Don (Dong Yun) Yoon.

2. The Decedent, Grace Yoon, my daughter, died on 12-8-08 in San Diego, CA.

3. No proceeding is now pending in California for administration of her estate.

4. The Declarant is the Decedent's successor in interest (as defined in CCP section 377.11) and succeeds to the Decedent's interest in the action or proceeding.

5. No other person has a superior right to commence the action or proceeding.

6. The Declarant declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at:  Chula Vista, CA

Dated: _04/29/10_

_____
Declarant Don Yoon

# Exhibit 4

### Declaration of Sanghyun Lee

1. My name is Sanghyun (Sanghyeon) Lee.

2. The Decedent, Seokim Kim, my wife, died on 12-8-08 in San Diego, CA.

3. No proceeding is now pending in California for administration of her estate.

4. The Declarant is the Decedent's successor in interest (as defined in CCP section 377.11) and succeeds to the Decedent's interest in the action or proceeding.

5. No other person has a superior right to commence the action or proceeding.

6. The Declarant declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at: Damyang, Korea

Dated: 5-4-10

_____
Declarant Sanghyun Lee

# Exhibit 5

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF SAN DIEGO

### CERTIFICATE OF DEATH
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS

STATE FILE NUMBER    3200837018768    LOCAL REGISTRATION NUMBER

| Field | Value |
|---|---|
| 1. NAME OF DECEDENT — FIRST (Given) | YOUNGMI |
| 2. MIDDLE | — |
| 3. LAST (Family) | LEE |
| 4. DATE OF BIRTH (mm/dd/ccyy) | 02/10/1972 |
| 5. AGE Yrs. | 36 |
| 8. SEX | F |
| 6. BIRTH STATE/FOREIGN COUNTRY | KOREA |
| 10. SOCIAL SECURITY NUMBER | 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 |
| 11. EVER IN US. ARMED FORCES? | NO |
| 12. MARITAL STATUS | MARRIED |
| 7. DATE OF DEATH (mm/dd/ccyy) | 12/08/2008 FND |
| 9. HOURS (24 Hour) | 1334 |
| 13. EDUCATION | BACHELOR |
| 14/15. WAS DECEDENT HISPANIC/LATINO/SPANISH? | NO |
| 16. DECEDENT'S RACE | KOREAN |
| 17. USUAL OCCUPATION | REGISTERED NURSE |
| 18. KIND OF BUSINESS OR INDUSTRY | CONVALESCENT HOSPITAL |
| 19. YEARS IN OCCUPATION | 2 |
| 20. DECEDENT'S RESIDENCE (Street and number or location) | 4416 CATHER AVENUE |
| 21. CITY | SAN DIEGO |
| 22. COUNTY/PROVINCE | SAN DIEGO |
| 23. ZIP CODE | 92122 |
| 24. YEARS IN COUNTY | 4 |
| 25. STATE/FOREIGN COUNTRY | CALIFORNIA |
| 26. INFORMANT'S NAME, RELATIONSHIP | DON YOON, HUSBAND |
| 27. INFORMANT'S MAILING ADDRESS | 4416 CATHER AVENUE, SAN DIEGO, CA 92122 |
| 28. NAME OF SURVIVING SPOUSE — FIRST | DON |
| 29. MIDDLE | — |
| 30. LAST (Maiden) | YOON |
| 31. NAME OF FATHER — FIRST | SEOKHYUN |
| 32. MIDDLE | — |
| 33. LAST | LEE |
| 34. BIRTH STATE | KOREA |
| 35. NAME OF MOTHER — FIRST | SEOKIM |
| 36. MIDDLE | — |
| 37. LAST (Maiden) | KIM |
| 38. BIRTH STATE | KOREA |
| 39. DISPOSITION DATE (mm/dd/ccyy) | 12/13/2008 |
| 40. PLACE OF FINAL DISPOSITION | GLEN ABBEY MEMORIAL PARK, 3838 BONITA ROAD, BONITA, CA 91902 |
| 41. TYPE OF DISPOSITION(S) | BURIAL / NOT EMBALMED |
| 43. LICENSE NUMBER | |
| 44. NAME OF FUNERAL ESTABLISHMENT | GLEN ABBEY MORTUARY FD1371 |
| 46. SIGNATURE OF LOCAL REGISTRAR | WILMA WOOTEN, MD |
| 47. DATE mm/dd/ccyy | 12/12/2008 |

### PLACE OF DEATH

| Field | Value |
|---|---|
| 101. PLACE OF DEATH | FOUND, HOME |
| 103. FACILITY ADDRESS OR LOCATION WHERE FOUND | 4416 CATHER AVENUE |
| 104. COUNTY | SAN DIEGO |

### CAUSE OF DEATH

| Field | Value |
|---|---|
| 107. CAUSE OF DEATH — IMMEDIATE CAUSE | THERMAL INJURIES |
| 111. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 | NONE |
| 112. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 111? | NO |
| 118. INJURED AT WORK? | NO |
| 119. WAS AUTOPSY PERFORMED? | YES |
| 121. WAS CASE REFERRED TO CORONER? | YES |
| 122. INJURY DATE | 12/08/2008 |
| 123. HOUR | 1158 |
| 123. PLACE OF INJURY | HOME |
| 124. DESCRIBE HOW INJURY OCCURRED | OCCUPANT OF HOUSE STRUCK BY MILITARY PLANE, BURNED |
| 125. LOCATION OF INJURY | 4416 CATHER AVENUE, SAN DIEGO, CA 92122 |

20A. RAPID   20B. INJURY (08/12/2545)

| Field | Value |
|---|---|
| 126. SIGNATURE OF CORONER / DEPUTY CORONER | CRAIG NELSON |
| 127. DATE mm/dd/ccyy | 12/12/2008 |
| 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER | CRAIG NELSON, MD, DME |

STATE REGISTRAR    *01200800981456*


*A01998420*

County of San Diego – Department of Health Services – 3851 Rosecrans Street. This is to certify that, if bearing the OFFICIAL SEAL OF THE STATE OF CALIFORNIA, the OFFICIAL SEAL OF SAN DIEGO COUNTY AND THEIR DEPARTMENT OF HEALTH SERVICES EMBOSSED SEAL, this is a true copy of the ORIGINAL DOCUMENT FILED. Required fee paid.

DATE ISSUED: December 16, 2008

*Wilma J. Wooten M.D.*
WILMA J. WOOTEN, MD
REGISTRAR OF VITAL RECORDS
County of San Diego

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

# Exhibit 6

CERTIFICATION OF VITAL RECORD

# COUNTY OF SAN DIEGO

CERTIFICATE OF DEATH          3200837018764

| | | |
|---|---|---|
| **1. NAME OF DECEDENT — FIRST (Given)** GRACE | **2. MIDDLE** | **3. LAST (Family)** YOON |
| **4A. ALSO KNOWN AS** | **6. DATE OF BIRTH** 08/23/2007 | **7. AGE Yrs** 1 | **8. SEX** F |
| **9. BIRTH STATE/FOREIGN COUNTRY** CALIFORNIA | **10. SOCIAL SECURITY NUMBER** 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 | **11. EVER IN U.S. ARMED FORCES?** YES [X] NO | **12. MARITAL STATUS** NEVER MARRIED | **7. DATE OF DEATH** 12/05/2008 FND | **8. HOUR** 1220 |
| **13. EDUCATION** 00 | **14A. WAS DECEDENT HISPANIC?** [X] | **15. DECEDENT'S RACE** KOREAN | | |
| **17. USUAL OCCUPATION** CHILD | **18. KIND OF BUSINESS OR INDUSTRY** | | | |

| | |
|---|---|
| **21. DECEDENT'S RESIDENCE** 4416 CATHER AVENUE | |
| **22. CITY** SAN DIEGO | **23. COUNTY/PROVINCE** SAN DIEGO | **ZIP CODE** 92122 | **24. YEARS IN COUNTY** 1 | **25. STATE/FOREIGN COUNTRY** CALIFORNIA |
| **26. INFORMANT'S NAME, RELATIONSHIP** DON YOON, FATHER | **27. MAILING ADDRESS** 4416 CATHER AVENUE, SAN DIEGO, CA 92122 |

| | | | |
|---|---|---|---|
| **28. NAME OF SURVIVING SPOUSE — FIRST** | **29. MIDDLE** | **30. LAST (Maiden Name)** | |
| **31. NAME OF FATHER — FIRST** DON | **32. MIDDLE** | **33. LAST** YOON | **33. BIRTH STATE** KOREA |
| **34. NAME OF MOTHER — FIRST** YOUNGMI | **35. MIDDLE** | **36. LAST (Maiden)** LEE | **38. BIRTH STATE** KOREA |

| | |
|---|---|
| **39. DISPOSITION DATE** 12/13/2008 | **40. PLACE OF FINAL DISPOSITION** GLEN ABBEY MEMORIAL PARK, 3838 BONITA ROAD, BONITA, CA 91902 |
| **41. TYPE OF DISPOSITION(S)** BURIAL | **42. SIGNATURE OF EMBALMER** NOT EMBALMED | **LICENSE NUMBER** |
| **43. NAME OF FUNERAL ESTABLISHMENT** GLEN ABBEY MORTUARY | **LICENSE NUMBER** FD1371 | **SIGNATURE OF LOCAL REGISTRAR** WILMA WOOTEN, MD | **DATE** 12/12/2008 |

| | |
|---|---|
| **PLACE OF DEATH** FOUND, HOME | |
| **COUNTY** SAN DIEGO | **FACILITY ADDRESS OR LOCATION WHERE FOUND** 4416 CATHER AVENUE | **CITY** SAN DIEGO |

| | |
|---|---|
| **107. CAUSE OF DEATH** | |
| **IMMEDIATE CAUSE** THERMAL INJURIES | **RAPID** 08-02856 |

OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107: NONE

WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 111: NO

| | |
|---|---|
| **MANNER OF DEATH** [X] ACCIDENT | **DATE OF INJURY** 12/08/2008 | **HOUR** 1158 |
| **PLACE OF INJURY** FOUND, HOME | |
| **DESCRIBE HOW INJURY OCCURRED** OCCUPANT OF HOUSE STRUCK BY MILITARY PLANE, BURNED | |
| **LOCATION OF INJURY** 4416 CATHER AVENUE, SAN DIEGO, CA 92122 | |
| **SIGNATURE OF CORONER / DEPUTY CORONER** CRAIG NELSON | **DATE** 12/12/2008 | **TYPE NAME, TITLE OF CORONER / DEPUTY CORONER** CRAIG NELSON, MD, DME |

**STATE REGISTRAR** A B C D E



County of San Diego – Department of Health Services – 3851 Rosecrans Street. This is to certify that, if bearing the OFFICIAL SEAL OF THE STATE OF CALIFORNIA: the OFFICIAL SEAL OF SAN DIEGO COUNTY AND THEIR DEPARTMENT OF HEALTH SERVICES EMBOSSED SEAL, this is a true copy of the ORIGINAL DOCUMENT FILED. Required fee paid.

DATE ISSUED: December 18, 2008

*Wilma J. Wooten, M.D.*
WILMA J. WOOTEN, MD
REGISTRAR OF VITAL RECORDS
County of San Diego

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

# Exhibit 7

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF SAN DIEGO
### CERTIFICATE OF DEATH

LOCAL FILE NUMBER                                          3200837018766

| 1. NAME OF DECEDENT – FIRST (Given) | 2. MIDDLE | 3. LAST (Family) |
|---|---|---|
| RACHEL | | YOON |

| 4A. ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST) | | | 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs. | Months | Days | Hours | Min. | 6. SEX |
|---|---|---|---|---|---|---|---|---|---|
| | | | 10/17/2008 | 0 | 1 | 21 | | | F |

| 7. BIRTH STATE/FOREIGN COUNTRY | 8. SOCIAL SECURITY NUMBER | 11. EVER IN US ARMED FORCES? | 12. MARITAL STATUS (at Time of Death) | 13. DATE OF DEATH mm/dd/ccyy | 14. HOUR (24 Hours) |
|---|---|---|---|---|---|
| CALIFORNIA | 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 | YES [X] NO [ ] UNK | NEVER MARRIED | 12/08/2008 | FND | 1600 |

| 9. EDUCATION – Highest Level/Degree | 10A. WAS DECEDENT HISPANIC/LATINO(A)/SPANISH? (If yes, see instructions on back) | 10. DECEDENT'S RACE – Up to 3 races may be listed (see instructions on back) | |
|---|---|---|---|
| 00 | YES [ ]  NO [X] | KOREAN | |

| 7. USUAL OCCUPATION – Type of work for most of life. DO NOT USE RETIRED | 8. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) | 19. YEARS IN OCCUPATION |
|---|---|---|
| INFANT | | |

| 20. DECEDENT'S RESIDENCE (Street and number or location) |
|---|
| 4416 CATHER AVENUE |

| 21. CITY | 22. COUNTY/PROVINCE | 23. ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| SAN DIEGO | SAN DIEGO | 92122 | 0 | CALIFORNIA |

| 26. INFORMANT'S NAME, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS (Street and number or rural route number, city or town, state, zip) |
|---|---|
| DON YOON, FATHER | 4416 CATHER AVENUE, SAN DIEGO, CA 92122 |

| 28. NAME OF SURVIVING SPOUSE – FIRST | 29. MIDDLE | 30. LAST (Maiden Name) |
|---|---|---|
| - | - | - |

| 31. NAME OF FATHER – FIRST | 32. MIDDLE | 33. LAST | 34. BIRTH STATE |
|---|---|---|---|
| DON | - | YOON | KOREA |

| 35. NAME OF MOTHER – FIRST | 36. MIDDLE | 37. LAST (Maiden) | 38. BIRTH STATE |
|---|---|---|---|
| YOUNGMI | - | LEE | KOREA |

| 38. DISPOSITION DATE mm/dd/ccyy | 43. PLACE OF FINAL DISPOSITION  GLEN ABBEY MEMORIAL PARK |
|---|---|
| 12/13/2008 | 3838 BONITA ROAD, BONITA, CA 91902 |

| 41. TYPE OF DISPOSITION(S) | 42. SIGNATURE OF EMBALMER | 43. LICENSE NUMBER |
|---|---|---|
| BURIAL | ▶ NOT EMBALMED | |

| 44. NAME OF FUNERAL ESTABLISHMENT | 45. LICENSE NUMBER | 46. SIGNATURE OF LOCAL REGISTRAR | 47. DATE mm/dd/ccyy |
|---|---|---|---|
| GLEN ABBEY MORTUARY | FD1371 | ▶ WILMA WOOTEN, MD | 12/12/2008 |

| 101. PLACE OF DEATH | 102. IF HOSPITAL, SPECIFY ONE: | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE: |
|---|---|---|
| FOUND, HOME | | Coroner's [X] Home [ ] Other [ ] |

| 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number or location) | 106. CITY |
|---|---|
| SAN DIEGO | 4416 CATHER AVENUE | SAN DIEGO |

| 107. CAUSE OF DEATH | | Enter the chain of events – diseases, injuries, or complications – that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. | | | Time Interval Onset to Death | 108. DEATH REPORTED TO CORONER? |
|---|---|---|---|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) | A. ▶ THERMAL INJURIES | | | | RAPID | YES [X]  NO [ ] |
| Sequentially list conditions, if any, leading to cause on line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST | B. ▶ | | | | | 109. CORONER'S CASE NUMBER  08-02646 |
| | C. ▶ | | | | | 110. BIOPSY PERFORMED? YES [ ] NO [X] |
| | D. ▶ | | | | | 111. AUTOPSY PERFORMED? YES [X] NO [ ] |
| | | | | | | 112. USED IN DETERMINING CAUSE? YES [X] NO [ ] |

| 113. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|
| NONE |

| 114. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 113? (If yes, list type of operation and date) | 115. IF FEMALE, PREGNANT IN LAST YEAR? |
|---|---|
| NO | YES [ ]  NO [X]  UNK [ ] |

| 116. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE AND PLACE STATED FROM THE CAUSES STATED. | 116. SIGNATURE AND TITLE OF CERTIFIER | 117. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| Decedent Attended Since  mm/dd/ccyy | Decedent Last Seen Alive  mm/dd/ccyy | | | |

| 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE |
|---|

| 119. I CERTIFY THAT DEATH OCCURRED IN MY OPINION LEATHH OCCURRED AT THE HOUR, DATE AND PLACE STATED FROM THE CAUSES STATED. | 120. INJURED AT WORK? | 121. INJURY DATE mm/dd/ccyy | 122. HOUR (24 Hours) |
|---|---|---|---|
| MANNER OF DEATH: Natural [ ]  Accident [X]  Homicide [ ]  Suicide [ ]  Pending Investigation [ ]  Could not be Determined [ ] | YES [ ]  NO [X]  UNK [ ] | 12/05/2008 | 1159 |

| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) |
|---|
| HOME |

| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) |
|---|
| OCCUPANT OF HOUSE STRUCK BY MILITARY PLANE. BURNED |

| 125. LOCATION OF INJURY (Street and number or location, city, and zip) |
|---|
| 4416 CATHER AVENUE, SAN DIEGO, CA 92122 |

| 126. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|
| ▶ CRAIG NELSON | 12/12/2008 | CRAIG NELSON, MD,DME |

| STATE REGISTRAR | A | B | C | D | E | | FAX AUTH. # | CENSUS TRACT |
|---|---|---|---|---|---|---|---|---|
| | | | | | | *120083070181662* | | |



\* A 0 1 9 9 9 4 7 7 \*

County of San Diego – Department of Health Services – 3851 Rosecrans Street. This is to certify that, if bearing the OFFICIAL SEAL OF THE STATE OF CALIFORNIA, the OFFICIAL SEAL OF SAN DIEGO COUNTY AND THEIR DEPARTMENT OF HEALTH SERVICES EMBOSSED SEAL, this is a true copy of the ORIGINAL DOCUMENT FILED. Required fee paid.

DATE ISSUED: December 18, 2008

*Wilma J. Wooten, M.D.*
WILMA J. WOOTEN, MD
REGISTRAR OF VITAL RECORDS
County of San Diego

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

# Exhibit 8

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF SAN DIEGO

### CERTIFICATE OF DEATH
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS

STATE FILE NUMBER                                    LOCAL REGISTRATION NUMBER   3200837018762

**DECEDENT'S PERSONAL DATA**

| 1. NAME OF DECEDENT – FIRST (Given) | 2. MIDDLE | 3. LAST (Family) |
|---|---|---|
| SEOKIM | | KIM |

| 4A/B. ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST) | 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs | 6. SEX |
|---|---|---|---|
| | 07/26/1949 | 59 | F |

| 7. BIRTH STATE/FOREIGN COUNTRY | 10. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? | 12. MARITAL STATUS (at time of Death) | 7. DATE OF DEATH mm/dd/ccyy | 8. HOUR (24 hrs) |
|---|---|---|---|---|---|
| KOREA | NONE | ☐ YES ☒ NO | MARRIED | 12/08/2008  FND | 1334 |

| 9. EDUCATION – Highest Level/Degree | 14/15. WAS DECEDENT HISPANIC/LATINO/SPANISH (If yes, specify origin type) | 16. DECEDENT'S RACE – Up to 3 races may be listed (See worksheet on back) |
|---|---|---|
| 09 | ☐ YES ☒ NO | KOREAN |

| 17. USUAL OCCUPATION – Type of work for most of life. DO NOT USE RETIRED | 18. KIND OF BUSINESS OR INDUSTRY ( e.g., grocery store, road construction, employment agency, etc.) | 19. YEARS IN OCCUPATION |
|---|---|---|
| HOMEMAKER | OWN HOME | 40 |

**USUAL RESIDENCE**

| 20. DECEDENT'S RESIDENCE (Street and number or location) |
|---|
| 887 BONGANLI MUJJUNG-MEON |

| 21. CITY | 22. COUNTY/PROVINCE | 23. ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| DAMYANG | | | | KOREA |

| 26. INFORMANT'S NAME, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS (Street and number or rural route number, city or town, state, zip) |
|---|---|
| SEOKHYUN LEE, HUSBAND | 887 BONGANLI MUJJUNG-MEON, DAMYANG, KOREA |

**SPOUSE AND PARENT INFORMATION**

| 28. NAME OF SURVIVING SPOUSE – FIRST | 29. MIDDLE | 30. LAST (Maiden Name) |
|---|---|---|
| SEOKHYUN | | LEE |

| 34. NAME OF FATHER – FIRST | 32. MIDDLE | 33. LAST | 34. BIRTH STATE |
|---|---|---|---|
| UNKNOWN | | KIM | KOREA |

| 35. NAME OF MOTHER – FIRST | 36. MIDDLE | 37. LAST (Maiden Name) | 38. BIRTH STATE |
|---|---|---|---|
| UNKNOWN | | KIM | KOREA |

**FUNERAL DIRECTOR/ LOCAL REGISTRAR**

| 39. DISPOSITION DATE mm/dd/ccyy | 39. PLACE OF FINAL DISPOSITION | |
|---|---|---|
| 12/12/2008 | RESIDENCE OF SEOKHYUN LEE<br>887 BONGANLI MUJJUNG-MEON, DAMYANG, KOREA | |

| 41. TYPE OF DISPOSITION(S) | 40. SIGNATURE OF EMBALMER | 41. LICENSE NUMBER |
|---|---|---|
| CR/TR/RES | NOT EMBALMED | |

| 42. NAME OF FUNERAL ESTABLISHMENT | 43. LICENSE NUMBER | 44. SIGNATURE OF LOCAL REGISTRAR | 45. DATE mm/dd/ccyy |
|---|---|---|---|
| GLEN ABBEY MORTUARY | FD1371 | WILMA WOOTEN, MD | 12/12/2008 |

**PLACE OF DEATH**

| 101. PLACE OF DEATH | 102. IF HOSPITAL, SPECIFY ONE | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE |
|---|---|---|
| FOUND HOME (OTHER'S) | | ☒ |

| 103. CITY | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number or location) | 106. COUNTY |
|---|---|---|
| SAN DIEGO | 4416 CATHER AVENUE | SAN DIEGO |

**CAUSE OF DEATH**

| 107. CAUSE OF DEATH | | 108. DEATH REPORTED TO CORONER |
|---|---|---|
| IMMEDIATE CAUSE (A) THERMAL INJURIES | | ☒ YES |
| | | 110. BIOPSY PERFORMED? ☐ YES ☒ NO |
| | | 111. AUTOPSY PERFORMED? ☒ YES ☐ NO |
| | | 112. USED IN DETERMINING CAUSE? ☒ YES ☐ NO |

| RAPID | 08-02544 |
|---|---|

| 113. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|
| NONE |

| 114. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 113? (If yes, list type of operation and date) | 115. IF FEMALE, PREGNANT IN LAST YEAR |
|---|---|
| NO | ☐ YES ☒ NO ☐ UNK |

**PHYSICIAN'S CERTIFICATION**

| 116. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE AND PLACE STATED FROM THE CAUSES STATED. | 117. SIGNATURE AND TITLE OF CERTIFIER | 118. LICENSE NUMBER | 119. DATE mm/dd/ccyy |
|---|---|---|---|
| ☐ Decedent Attended Since ☐ Decedent Last Seen Alive | | | |

| 121. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | THE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE |
|---|---|

**CORONER'S USE ONLY**

| 122. MANNER OF DEATH | 123. INJURED AT WORK? | 124. DATE OF INJURY mm/dd/ccyy | 124. HOUR (24 Hours) |
|---|---|---|---|
| ☐ Natural ☒ Accident ☐ Suicide ☐ Homicide ☐ Could not be Determined | ☐ YES ☒ NO ☐ UNK | 12/08/2008 | 1159 |

| 125. PLACE OF INJURY (Home, construction site, wooded area, etc.) |
|---|
| HOME (OTHER'S) |

| 126. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) |
|---|
| OCCUPANT OF HOUSE STRUCK BY MILITARY PLANE, BURNED |

| 126. LOCATION OF INJURY (Street and number, or location, and city, and ZIP) |
|---|
| 4416 CATHER AVENUE, SAN DIEGO, CA 92122 |

| 123. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|
| CRAIG NELSON | 12/12/2008 | CRAIG NELSON, MD/DME |

| STATE REGISTRAR | A | B | C | D | E | F | FAX AUTH # | CENSUS TRACT |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |



**\*A01997411\***

County of San Diego - Department of Health Services - 3851 Rosecrans Street. This is to certify that, if bearing the OFFICIAL SEAL OF THE STATE OF CALIFORNIA, the OFFICIAL SEAL OF SAN DIEGO COUNTY AND THEIR DEPARTMENT OF HEALTH SERVICES EMBOSSED SEAL, this is a true copy of the ORIGINAL DOCUMENT FILED. Required fee paid.

DATE ISSUED: December 12, 2008

WILMA J. WOOTEN, M.D.
REGISTRAR OF VITAL RECORDS
County of San Diego

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DON YOON, an individual, and as Successor in Interest of DECEDENTS YOUNGMI LEE YOON, GRACE YOON, and RACHEL YOON; SANGHYUN Lee, an individual, and as Successor in Interest of DECEDENT SEOKIM KIM; YUMI LEE, an individual; BAEKOWAN LEE, an individual; JUN HWA LEE, an individual; and YANGRAE KOOK, an individual;

**DEFENDANTS**

UNITED STATES; THE BOEING COMPANY, a corporation; and DOES 1-50

**(b)** County of Residence of First Listed Plaintiff _____

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Panish, Shea & Boyle, LLP
11111 Santa Monica Blvd., Suite 700
Los Angeles, CA 90025
310.477.1700

Attorneys (If Known)

'10 CV 1578 JM    AJB  BY FAX

FILED
'10 JUL 28 PM 3: 12
CLERK U.S. DISTRICT C...
SOUTHERN DISTRICT OF CALI...
BY: _____ DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [X] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 2 1 USC 88 1 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 462 Naturalization Application | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & other | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1333, 1346 (b)(1), etc.

Brief description of cause:
U.S Navy jet crashed into family home, killing 4 people

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
July 28, 2010

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 10258   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

PB 07-28-10

ORIGINAL

CSDJS44

DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS016358
Cashier ID: mbain
Transaction Date: 07/28/2010
Payer Name: JANNEY AND JANNEY
--------------------------------
CIVIL FILING FEE
 For: YOON V US
 Case/Party: D-CAS-3-10-CV-001578-001
 Amount:        $350.00
--------------------------------
CHECK
 Check/Money Order Num: 56402
 Amt Tendered:  $300.00
CHECK
 Check/Money Order Num: 56403
 Amt Tendered:  $50.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.